UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHARLIE SPEARS (#79473)**

**VERSUS**

**SHELTON SCALES, ET AL.**

CIVIL ACTION

NO. 15-11-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 21, 2016.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLIE SPEARS (#79473)

VERSUS

SHELTON SCALES, ET AL.

CIVIL ACTION

NO. 15-11-SDD-RLB

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' Motion to Dismiss (R. Doc. 13). The motion is opposed. (R. Doc. 14).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Shelton Scales, a correctional officer, and former warder Burl Cain, in their individual and official capacities, complaining that his constitutional rights have been violated as a result of exposure to second hand smoke, and due to the handling of his administrative grievance regarding the same. The plaintiff is seeking compensatory and punitive damages.[1]

The defendants first seek dismissal on jurisdictional grounds, presumably pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's § 1983 claims against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme

---

[1] Although the plaintiff states in his Opposition (R. Doc. 14) that he is also seeking declaratory and injunctive relief, none of the allegations of his Complaint, even when liberally construed, set forth a claim for declaratory or injunctive relief.

Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25. Accordingly, the plaintiff's § 1983 claims asserted against defendants their official capacities for monetary damages are subject to dismissal.  In contrast, the plaintiff's § 1983 claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29.

      Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to

relief.' " *Id*. at 679.  "Where a Complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted).  Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint, the plaintiff alleges that he has been exposed to second hand smoke inside his dormitory, and that he filed a request for an administrative remedy procedure on September 2, 2014 regarding the same.  He alleges that defendant Scales stated in his First Step response that the plaintiff never complained to defendant Scales during rounds regarding exposure to second home smoke.  The plaintiff then asserts that he was not required to bring his complaint to a ranking officer prior to filing an ARP.  He alleges his grievance was denied at the First Step, citing Penitentiary Directive #01.017 ("no smoking inside building policy").  He further alleges that he pursued the Second Step, and that his grievance was denied at the Second Step on November 21, 2014, for failure to provide evidence to substantiate the claim.

The plaintiff also alleges that he sought medical attention on November 12, 2014 due to discomfort and trouble breathing caused by exposure to second hand smoke.  He alleges that he

was seen by the doctor and was prescribed medications ("Cleariton and antibiotics tararal") on December 10, 2014.

The plaintiff asserts that the prison administration did not take the appropriate responsive measures. He further asserts that Warden Cain has an unwritten policy to not take the appropriate responsive measures when offenders complain of smoking in the dormitories.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, the plaintiff is not entitled to the recovery of compensatory damages in this case because he has not alleged a physical injury sufficient to support such recovery. Pursuant to 42 U.S.C. § 1997e(e), a prisoner plaintiff is barred from the receipt of compensatory damages for mental or emotional injury in the absence of some showing of physical injury. The most that the plaintiff has alleged is that he has experienced discomfort and trouble breathing as a result of being exposed to second hand smoke. He does not allege that these conditions continued after exposure. The plaintiff's allegations are not sufficient to establish the existence of a qualifying physical injury. *See Harris v. Ashby*, 45 F. App'x. 325, *2 (5th Cir. 2002) (finding that the plaintiff's "merely conclusional allegations that he was harmed by exposure to environmental tobacco smoke are insufficient to allege a constitutional violation"); and *Jones v. Epps*, 2011 WL 1103733, *3 (S.D. Miss. March 23, 2011) (granting summary judgment to the defendants in connection with an inmate's ETS claim where the inmate alleged only that he "had on occasion experienced choking, headaches, and an increase in blood pressure as a result of the second-hand smoke exposure"). Accordingly, this aspect of the plaintiff's claim should be rejected.

Although the plaintiff might still be entitled to recover nominal or punitive damages, *see Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007), he would need to establish some constitutional violation by the defendants in order to merit such recovery. The United States

Supreme Court has found that prison officials may violate the Eighth Amendment's prohibition against cruel and unusual punishment by exposing inmates to excessive levels of environmental tobacco smoke ("ETS"). *Helling v. McKinney*, 509 U.S. 25, 33–35 (1993). The *Helling* Court also formulated a "two-prong test" to determine whether an inmate's exposure to ETS has resulted in a transgression of constitutional proportions. *Id*. at 35–36. *See also Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001). The first prong of the test is objective, necessitating that the inmate demonstrate that he is or was being exposed to unreasonably high levels of environmental tobacco smoke. *Id*. at 35. An evaluation of this factor requires an inquiry into the seriousness of the potential harm and the likelihood that exposure to ETS will actually cause injury. *Id*. at 36. "It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Id*. "In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id*. The second prong is subjective and requires that the plaintiff show that the defendants have been deliberately indifferent to the plaintiff's health or well-being. In this context, deliberate indifference requires that a prison official actually knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). The official must both be aware of facts from which an inference may be drawn that a substantial risk of serious harm exists, and he must also actually draw the inference. *Id*. at 837. Although the adoption of a smoking policy bears heavily on the inquiry into deliberate indifference, so also does the question of enforcement thereof. *See Helling v. McKinney*, *supra*, 509 U.S. at 36–37.

In *Helling*, the complaint alleged that the plaintiff was assigned to a cell with another inmate who smoked five packs of cigarettes a day.  In the present matter, the plaintiff has made no allegations regarding the level of environmental tobacco smoke to which he is allegedly being or has been exposed.  Accordingly, the plaintiff's complaint fails to satisfy the first prong of the *Helling* test, which requires the plaintiff to demonstrate that he is or was being exposed to unreasonably high levels of environmental tobacco smoke.

The Court also finds that the plaintiff has failed to allege sufficient personal involvement on the part of the named defendants.  In order for a prison official to be found liable under § 1983, the official must have been personally and directly involved in conduct causing an alleged deprivation of an inmate's constitutional rights or there must be a causal connection between the actions of the official and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any allegation that the defendants are responsible for the actions of subordinate officers or co-employees under a theory of vicarious responsibility or *respondeat superior* is alone insufficient to state a claim under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009), *citing Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  *See also Bell v. Livingston*, 356 F. App'x. 715, 716–17 (5th Cir. 2009) (recognizing that "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability").  Further, in the absence of direct personal participation by a supervisory official in an alleged constitutional violation, an inmate plaintiff must allege that the deprivation of his constitutional rights occurred as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies or as a result of a breach by the supervisor of an affirmative duty specially imposed by state law.  *Lozano v. Smith*, *supra*, 718 F.2d at 768.

Applying the foregoing standard, and upon a review of the plaintiff's Complaint, it appears that the plaintiff has failed to sufficiently allege that the named defendants have undertaken any action which may be characterized as a violation of the plaintiff's constitutional rights.  The plaintiff does not assert that either of the defendants has been subjectively aware of the extent of his exposure to ETS, of any substantial risk of serious harm faced by him, or of any medical complications which he has experienced as a result of such exposure.  As Head Warden at LSP, defendant Cain principally has supervisory responsibility over the operation of the prison and is not present on a regular or daily basis in the plaintiff's living area.  The plaintiff has made a conclusory assertion, without any factual corroboration whatsoever, that Warden Cain has an unwritten policy to not take the appropriate responsive measures when offenders file an ARP complaining of smoking in the dormitories.  The Court thus finds that the plaintiff's allegations relative to Warden Cain amount to no more than claims of mere supervisory responsibility and/or negligent supervision, which claims are conclusory and not sufficient to support a finding of liability under § 1983.  As for defendant Scales, the plaintiff alleges only that defendant Scales stated in the First Step Response that the plaintiff never complained to him regarding ETS at any time when defendant Scales was making rounds in the plaintiff's housing unit.  The plaintiff's complaint implies that defendant Scales' statement was true since the plaintiff asserts that he was not required to bring his complaint to a ranking officer prior to filing an ARP.  The Complaint fails to allege personal involvement on the part of Defendant Scales sufficient to support a finding of liability under § 1983.  Accordingly, the plaintiff has failed to state a claim upon which relief may be granted as to the defendants, and they are entitled to dismissal from this proceeding.

Further, to the extent that the plaintiff complains of the defendants' handling of his administrative grievance, this claim is also not one of constitutional dimension. The law is clear that the plaintiff does not have a constitutional right to have his administrative grievances properly investigated or favorably resolved. *Mahogany v. Miller*, 252 F. App'x. 593 (5th Cir. 2007). Moreover, there is no procedural due process right inherent in such a claim. As stated by the United States Court of Appeals for the Fifth Circuit in *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005):

> Insofar as [the plaintiff] seeks relief regarding an alleged violation of his due process rights resulting from the prison grievance procedures, the district court did not err in dismissing his claim as frivolous.... [The plaintiff] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless.

*Id*. at 373–74. Accordingly, the plaintiff's claim asserted against the defendants of an alleged failure to properly respond or take action in response to his administrative grievance is without legal foundation, and the defendants are entitled to judgment as a matter of law in connection with this claim.

## RECOMMENDATION

It is recommended that the defendants' Motion (R. Doc. 13) be granted, and that the plaintiff's action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

Signed in Baton Rouge, Louisiana, on March 21, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**