# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CHARLIE SPEARS (#79473)

CIVIL ACTION

VERSUS

SHELTON SCALES, ET AL.

15-11-SDD-RLB

## RULING AND ORDER

Before the Court is the Plaintiff's *Motion for Order*,[1] which the Court interprets as a *Motion for a Temporary Restraining Order and Preliminary Injunction*, wherein the Plaintiff seeks an order directing prison officials to remove the freeze/hold on his inmate account so that he may purchase items from the commissary.  For the reasons explained herein, the Plaintiff's motion is **DENIED**.

Federal Rule of Civil Procedure ('Rule') 65 provides:

> The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

The Plaintiff did not submit an affidavit, and his *Complaint*[2] is not verified. Additionally, the Plaintiff is proceeding *pro se*, and he has not certified in writing any efforts made to give notice to Defendants.  The Plaintiff has not met the minimum requirements

---

[1] Rec. Doc. 30.

[2] Rec. Doc. 1.

under Rule 65 for a TRO. The Plaintiff's Motion fails to even address the requirements for a TRO or a preliminary injunction, which the Court now turns to address.

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[3] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[4]

At all times, the burden of persuasion remains with the Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[5] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[6]

In the instant motion, the Plaintiff asserts that the Department of Corrections and the Office of the Attorney General froze his inmate account; therefore, he is unable to purchase "necessities" from the commissary. For the purposes of obtaining a preliminary injunction, the Plaintiff has failed to meet his burden. In particular, the Plaintiff has not shown, and does not even so much as allege, that he will face a substantial threat of

---

[3] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").

[4] See Allied Mlttg. Grp., Inc., 878 F.2d at 809.

[5] *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

[6] See *Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

irreparable injury if the injunction is not granted, nor does the Plaintiff address any other requirement necessary in order to obtain a preliminary injunction.

Though the Court is mindful that the Plaintiff is a *pro se* litigant, his motion remains insufficient to warrant granting the immediate relief he seeks at this stage. Importantly, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can properly justify a preliminary injunction."[7]  The Plaintiff has failed to make the proper showing that his case falls within this exceedingly narrow exception.

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for a Temporary Restraining Order and Preliminary Injunction*[8] is **DENIED**.

Baton Rouge, Louisiana the 13 day of July, 2016.

**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[7] *Canal Auth. of State of Fla, v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).
[8] Rec. Doc. 30.